STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V.
FARMERS STATE BANK OF POLK ET AL., APPELLEES:
LEO E. HAHN, APPELLANT.

FILED JULY 9, 1930. NO. 27387.

*H. G. Wellensiek,* for appellant.

*C. M. Skiles* and *I. D. Beynon, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON,
EBERLY and DAY, JJ.

PER CURIAM.

The appellant, Leo E. Hahn, in the trial court sought to
have the assets of the failed Farmers State Bank of Polk
impressed with a trust for the amount of a claimed special
deposit made by him, and for priority of payment out of
such assets. His request was denied, and he appeals.

The only error assigned is that the court erred in finding
and holding that the claim of the appellant was a general
deposit and not a trust fund entitled to priority payment
from the assets of the bank.

The facts involved, as shown by the record, are, in sub-
stance, as follows: On August 18, 1928, Hahn executed and
delivered to the aforesaid bank his promissory note for
$600, which had been thereafter by such bank negotiated to
the Harvard State Bank. Later, Hahn, in payment for some
stock, bought by him from the Blain Live Stock Company,
had given it a check, drawn on his checking account in such
Farmers State Bank, for the sum of $2,478. Hahn then
obtained from his father a loan of $3,000, for which amount
his father gave him his two checks, one for $2,000 and an-
other for $1,000. Hahn then took these checks to the Farm-
ers State Bank, of which he was a stockholder and director,
and asked that he be given credit for the two checks. This
was done at the time by the cashier making out in Hahn's

presence an ordinary deposit slip. On receipt of the checks constituting the $3,000 deposit, and in the usual course of business, the Farmers State Bank transmitted these checks to its correspondent bank in Omaha, where they were received and credited to an overdraft held by the latter bank against the former. Immediately following the making of the deposit by Hahn, and in furtherance of this same transaction, as we conclude, Hahn informed the bank that he had given the $2,478 check, which was to be, and in fact was, paid out of such deposit. He also stated that he wanted to take up the above $600 note, and, being informed by the cashier of the bank that such note was then held by the Harvard State Bank, Hahn left, and in eight or nine days thereafter returned, and again said he wanted to pay the note, and, again being informed that the note was still in the Harvard State Bank, he drew his check on his deposit in the Farmers State Bank in favor of the latter for $609.33, the face of the note and interest, which check was charged to his account and later returned to him as canceled, and in lieu of such Hahn check the bank issued its cashier's check for the amount in favor of the Harvard State Bank, but retained the same without delivery. Within a day or two after the date of the execution of such cashier's check, the Farmers State Bank was taken over by the department of trade and commerce, and afterwards a receiver was appointed. Hence, by operation of law this cashier's check passed into the possession of the aforesaid department, thence later into the hands of the receiver, where the same remains.

The whole transaction is without a showing of fraud or deception. Further, the record does not reflect facts which would give to Hahn a right superior to, or different from, that of any ordinary general depositor.

The judgment of the trial court is

AFFIRMED.